12DALEY, Judge.
The plaintiff, Wayne J. Encalarde, filed suit against his insurer, Patterson Insurance Company, as well as the insurance agency and agent that sold him the insurance policy, seeking to recover damages sustained when he struck an object in the roadway while traveling over the Lake Pontchatrain Causeway. The plaintiff has appealed the trial court judgment which granted the Patterson Insurance Company’s Motion for Summary Judgment. For reasons assigned, we affirm the judgment of the trial court.

FACTS:

Mr. Encalarde is a general contractor. He purchased an automobile liability policy for his truck from A.R. Cañero (Cañero), an agent at the Assurnet Insurance Agency (Assurnet). This policy was issued by Patterson Insurance Company (Patterson). Mr. Encalarde also purchased a Commercial Vehicle Limitation ^Endorsement on the policy. During the effective policy period, Mr. Encalarde was transporting a granite counter top in-the bed of his truck, when the truck struck an object in the roadway, causing the granite counter top to break, damaging both the counter top and the truck. Mr. Encalarde filed suit against Patterson, Cañero, and Assurnet seeking to recover for damage to the truck, the counter top, and loss earnings while the truck was being repaired. Patterson answered acknowledging a policy was issued to Mr. Encalarde, but denying there was any coverage for this loss. As-surnet and Cañero answered denying that there was any coverage available through their agency which would have covered plaintiffs loss. Assurnet and Cañero also filed an incidental demand against Patterson for any incorrect information which may have been provided by Patterson. Patterson answered this claim with a general denial.
Patterson filed a Motion for Summary Judgement, to which a copy of the insurance policy issued to plaintiff was attached, and argued that a clear reading of the policy indicates there was no coverage for cargo on the truck or for loss of earning while the truck was being repaired. Patterson also pointed out that they tendered $2,879.75 to plaintiff, which represents property damage to the truck less the $1,000.00 deductible.
Plaintiff filed a Memorandum in Opposition to the Motion for Summary Judgment, contending that plaintiff had “every reason to believe he was fully covered” for this *717 loss. Attached to the memorandum was an affidavit executed by plaintiff stating that he was issued a policy of commercial insurance to cover the operation of his truck in connection with his business. Plaintiff states he was told by the selling agent that there was coverage for any type of casualty which might occur in the operation of his truck during the course of his business, including damage to ^materials or equipment being transported, and that this coverage was confirmed by a telephone call made by the agent to Patterson in his presence. Plaintiff also attached a document entitled “Commercial Vehicle Application” to his memorandum and argues this document and the policy present confusion and uncertainty as to the coverage provided by the policy.
Following a hearing, the trial court granted Patterson’s Motion for Summary Judgment. It is from this judgment plaintiff appeals.

DISCUSSION:

Louisiana Code of Civil Procedure Article 966 provides that a Motion for Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgments as a matter of law. In 1997, the legislature amended this article to include the following:
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof If,at trial, there is no genuine issue of material fact.
It is well settled in our jurisprudence that appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Rapp v. City of New Orleans, 95-1638 (La.App. 4th Cir. 9/18/96), 681 So.2d 433. The question of whether, as a matter of law, an insurance policy provides or precludes coverage can be properly resolved within the framework of a Motion for Summary Judgment. Lefeaux v. Taylor, 97-0332 (La.App. 4th Cir. 9/24/97), 700 So.2d 1027; Russo v. Reed, 95-1048 (La.App. 5th Cir. 4/30/96), 673 So.2d 1231.
In this Court, plaintiff reurges his argument that according to his interpretation of the policy, he had purchased insurance for any loss associated with the use of his truck in connection with his business. Plaintiff claims that he was informed by Cañero that there was coverage for any loss associated with the commercial use of his truck and that this coverage was confirmed in his presence in a telephone call between Cafiero and a representative of Patterson. He does not point to any specific policy language as ambiguous, rather, he argues that because he filled out a form entitled “Commercial Vehicle Application” and purchased a commercial endorsement to the policy, there should be coverage for any losses which occur while the truck is being used for business. Plaintiff has pointed to no language in the policy to *718 indicate that there is even an ambiguity as to whether there would be coverage for any type of cargo being carried to a job site in the truck.
Our Supreme Court recently discussed the interpretation of insurance contracts in Ducote v. Koch Pipeline Co., L.P., 98-0942 (La.1/20/98), 730 So.2d 432, stating:
An insurance policy is an agreement between the parties and should be interpreted by using the general rules of contract interpretation as set forth in the Louisiana Civil Code. The judicial responsibility in | ¿interpreting insurance contracts is to determine the parties’ common intent. The parties’ intent, as reflected by the words of the policy determines the extent of coverage. However, when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. Such intent is to be determined in accordance with the general, ordinary, plain and popular meaning of the words used in the policy, unless the words have acquired a technical meaning. If the policy wording at issue is clear and expresses the intent of the parties, the agreement must be enforced as written. Courts lack the authority to change or alter the terms of an insurance policy under the guise of interpretation.
An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Absent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability and to impose and to enforce reasonable conditions upon the policy obligations they contractually assume.
(Citations omitted) (Emphasis added)
When the words of a contract are clear and unambiguous, the intent of the parties must be found within the document, and parol evidence cannot be used to explain or contradict the contract. Crigler v. Crigler, 28,085 (La.App. 2nd Cir. 4/3/96), 671 So.2d 1199. Using these guidelines, we find any conversation between plaintiff and Cañero cannot be used to change the meaning of the insurance contract between plaintiff and Patterson. We find no language in the contract which would cover cargo being carried in the truck. To accept plaintiffs argument that he thought there was coverage for any cargo being carried during the commercial use of the truck would expand the coverage of this policy beyond the clear wording of the contract.
For the foregoing reasons, we find that there are no material issues of fact and Patterson is entitled to judgment as a matter of law. Accordingly, the judgment of the trial court is affirmed. Appellant to be cast for costs of appeal.

AFFIRMED.