_JjLOVE, J.
Plaintiff, Peggy Schaefer (“Ms. Schae-fer”), appeals a summary judgment granted in favor of the defendant, Allstate Insurance Company (“Allstate”) on the issue of Uninsured Motorist (“UM”) coverage. For the following reasons, we affirm the judgment granting the defendant’s Motion for Summary Judgment.
FACTS AND PROCEDURAL HISTORY
The plaintiff, Ms. Schaefer, purchased an automobile liability insurance policy from Allstate on December 30, 1992. At that time, Ms. Schaefer rejected the UM coverage offered in the policy. On September 24, 1997, Ms. Schaefer was involved in a four-vehicle accident. As a result of the accident Ms. Schaefer filed a claim against the negligent party, Yvette Pohlmann, and her insurer Progressive Insurance Company. Since several parties lodged claims, Progressive Insurance Company exhausted its liability coverage. Consequently, Ms. Schaefer sued Allstate demanding UM coverage.
Defendant, Allstate, filed a Motion for Summary Judgment. Allstate attached to its motion a copy of the “Uninsured Motorist Insurance Selection of ^Coverage and Limits” wavier form signed by Ms. Schae-fer. Allstate argued that the form adequately apprised Ms. Schaefer of her UM coverage options and that she made an informed selection in deciding to reject UM coverage.
*1156 Ms. Schaefer argued to the contrary and filed a motion in opposition to the Motion for Summary Judgment arguing that the form provided by Allstate was not sufficient to allow a total rejection of UM coverage.
The trial court rendered judgment on December 6, 1999, granting the defendant’s Motion for Summary Judgment, finding that the rejection form used by Ahstate and signed by Ms. Schaefer met the necessary requirements of law. Therefore, there was a valid waiver of UM coverage by Plaintiff.
The disputed rejection form reads as follows:
UNINSURED MOTORIST INSURANCE SELECTION OF COVERAGE AND LIMITS
Uninsured Motorists Bodily Injury Insurance (Coverage SS): provided protection for bodily damages recoverable by the named insured certain other persons caused by a legally liable “Uninsured Motorist.”
Uninsured Motorists Bodily Injury Insurance (Coverage SS) Options: Please check the box below of the option desired and, if necessary, fill in the requested limits.
_ Option 1 — Coverage SS may be written with limits equal to the limits afforded in the policy for the Bodily Injury Liability Coverage.
___ Option 2 — Coverage SS may be written with any limit up to the amount afforded in the policy for Bodily Injury Liability Coverage, but no less than the applicable Limits of Financial Responsibility. If this option is selected, fill in the desired limits below.
$_ Bodily Injury Protection per person for one accident, and
$_ Bodily Injury Protection for two or more people for one accident. Is X Option 3 — The insured may totally reject Coverage SS Uninsured Motorists Bodily Injury Insurance for this and subsequent policy or premium periods. Uninsured Motorists Property Damage Insurance: provides protection from damage to the insured auto caused by a legally liable “Uninsured Motorist.”
Uninsured Motorists Property Damage Insurance Option: Please check the box below if the insured meets the following conditions, and would like to purchase Uninsured Motorists Property Damage Insurance.
_. If the insured carries Uninsured Motorists Bodily Injury Insurance, and does not carry Collision Insurance (Coverage DD or Coverage DE), the insured can purchase Uninsured Motorists Property Damage Insurance at the $10,000 limit with a $250 deductible.
The form indicated that Ms. Schaefer placed a check mark on the third option rejecting UM coverage and she signed and dated the form.
DISCUSSION
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. A Motion for Summary Judgment shall be granted if, but only if, there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. La.C.C.P. art. 966. When there is not a genuine issue of material fact, issues of whether UM coverage has been properly rejected can be decided by summary judgment. Lefeaux v. Taylor, 97-0332 (La. App. 4 Cir. 9/24/97), 700 So.2d 1027, 1028; Moyles v. Cruz, 96-0307, 96-0308 (La.App. 4 Cir 10/16/96), 682 So.2d 326.
In the present case, the material facts are not in dispute. The sole issue before this Court is whether the form used by Allstate sufficiently allowed Ms. Schae-fer to adequately reject UM coverage. In particular, Ms. 14Schaefer argues the form was not sufficient because it did not advise her that Louisiana law provides coverage if *1157 there is not a valid rejection of UM coverage.
La.R.S. 22:1406(D)(l)(a)(i) mandates that every automobile liability insurance policy issued and delivered in this State shall include coverage for UM protection equal to the liability limits. However, the statute also provides that the insured may reject in writing the statutory mandated coverage or select lower limits. A valid rejection must be in writing and signed by the insured or his legal representative. An insurer must place the insured in a position to make an informed refection of UM coverage.
We have addressed this issue previously in Lefeaux v. Taylor, 700 So.2d at 1027. The same argument advanced by Ms. Schaefer was specifically rejected in Le-feaux. Similarly in that case, the plaintiffs challenged a waiver because the form did not advise the insured that he would be provided coverage by operation of Louisiana law without a proper rejection. The court dismissed the argument by asserting:
The plaintiffs challenge the waiver executed by Matta’s, arguing that it does not meet the legal requirements for a valid waiver because it is ambiguous and failed to provide Matta’s with sufficient information to make an informed decision on whether to accept or reject UM coverage. The defect in the Pacto policy, the plaintiffs claim, is that it neglects to inform Matta’s clearly that UM coverage will be provided by operation of law unless rejected or that Matta’s is entitled to full UM coverage. Thus, argue the plaintiffs, Pacto’s UM rejection “creates the illusion” that the insured has only two options instead of the three options imposed by Tugwell. We disagree. Lefeaux 700 So.2d 1027 at 1029.
IbMs. Schaefer also relies on Boyd v. Schroeder, 98-0915 (La.App. 4 Cir.1999) 735 So.2d 672, unit denied, 99-1420 (La.9/3/99), 747 So.2d 543 arguing that it supports her position that Allstate’s rejection form is inadequate since it did not inform the insured that UM coverage would be provided if the form was not signed at all. However, Ms. Schaefer’s reliance is misguided. In actuality, the Boyd court found the insurance form sufficient and explained, “The question is not whether the form is perfect or whether a better form could be drafted. The question is whether the form is good enough.” Boyd 735 So.2d 672 at 676. The court continued, “Rather, we believe that a reasonable person who reads the whole form will understand the available options.” Id.
Additionally, the Louisiana Supreme Court stressed in Daigle v. Authement, 691 So.2d 1213 (La.4/8/97) that much discretion is given to the insurance carrier in the design of the UM form:
Implicit in the Legislature’s direction to insurers to design a form, was the responsibility to design a form that would fairly effectuate the intent of the law. The legislature did not mandate that the form be designed in any particular way, nor did it indicate that any particular language was sacrosanct. The legislature had to have anticipated that various insurers might go about the design of the necessary form in different ways. Moreover, as in any case where the same type of document is drafted separately by multiple authors, it is to be expected that some forms will be better than others. Had the legislature believed that only one format was acceptable or that only certain words or phrases could be used, it would have included the required format in the statute.
[[Image here]]
In Tugwell, we held that a rejection form used by an insurance company must inform the applicant of the available options regarding UM coverage so that the applicant can make a meaningful selection from among the options provided by the statute
[[Image here]]
lfiIn Tugwell, we noted that the task of informing the applicant of available op *1158 tions can be accomplished in several ways. It is not the job of the courts to draft insurance forms or to dictate the exact format or wording which must be used for a valid rejection of the mandated UM coverage. The legislature specifically left that task to the insurers.
Daigle, 691 So.2d 1213 at 1214-1216
Finally, Ms. Schaefer pointed out in oral argument that the Fifth Circuit has held otherwise. Sutherland v. Babin, 98-923 (La.App. 5 Cir 5/19/99), 735 So.2d 881, unit denied, 99-1796 (La.10/8/99), 750 So.2d 969. However, we are bound by our decision in Lefeaux.
Case law has held that the insurance carrier only has a duty to provide a form that is unambiguous and gives the insurer a distinct opportunity to make a meaningful decision. The form used by Allstate in the present case meets that requirement. Ms. Schaefer had three clear-cut options for selecting automobile liability coverage and she freely chose the third option rejecting UM coverage.
DECREE
Accordingly, we find no error in the trial court’s finding that Allstate is entitled to a judgment as a matter of law and there was a valid rejection of the UM coverage provided in the policy in question. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.