JjTERRI F. LOVE, Judge.
Defendant, State Farm Mutual Insurance Company, appeals a trial court judgment granting a partial motion for summary judgment in favor of plaintiff, Louise Racey Burns. The trial court found State *1112 Farm Mutual Insurance Company’s rejection form for uninsured motorist (“UM”) coverage failed to comply with La. R.S. 22:1406 and was therefore not a valid rejection. We reverse the trial court for the following reasons.

FACTS AND PROCEDURAL HISTORY

On April 20, 1999, Dr. Alastair Burns (“Dr.Burns”) was struck while walking in the crosswalk, on Tulane Avenue at its intersection with South Robertson Street, by a van owned by Dry Klean Carpet Maintenance Services, Inc. (“Dry Klean Carpet”), and operated by its employee Randy Hetler. As a result of the impact Dr. Burns suffered a closed head injury. Dr. Burns died July 11, 1999. Dr. Burns’s wife, Louise R. Burns, filed suit against Randy Hetler, Dry Klean Carpet, Travelers Insurance and State Farm Mutual Insurance Company (“State Farm”). State Farm was sued as plaintiffs UM insurer.
The parties conducted discovery and several supplemental petitions were filed. State Farm filed a Motion for Summary Judgment requesting the dismissal |¡>pf plaintiffs claims against State Farm on the grounds that Louise Burns had rejected UM coverage under the policy. The trial court denied the motion. State Farm filed a writ with this Court, which was denied. State Farm filed a writ with the Supreme Court that was also denied.
Plaintiff then filed a Motion for Partial Summary Judgment requesting that the trial court find the rejection form issued by State Farm and signed by the plaintiff was invalid, thereby imputing UM coverage under the State Farm policy. The trial court granted the judgment and certified the judgment as final and appealable.
Louise Burns on July 18, 1994, executed an Acknowledgement of Coverage Selection/Rejection Uninsured/Underinsured Motor Vehicle Coverage form. The waiver was a pre-printed form prepared by State Farm. The pre-printed form, which was signed by Louise Burns, appeared as follows:
ACKNOWLEDGMENT OF COVERAGE SELECTION/REJECTION— UNINSURED/UNDERINSURED MOTOR VEHICLE COVERAGE
In keeping with the terms of my state, I have been offered the opportunity to purchase Uninsured/Underinsured Motor Vehicle Coverage.
CHECK ONLY ONE:
□ I select Uninsured/Undermsured Motor Vehicle Coverage with full policy limits
□ on all vehicles. □ on automobiles only.
□ I select Uninsured/Underinsured Motor Vehicle Coverage with Limits of $500,000
□ on all vehicles. □ on automobiles only.
¡3 I reject Uninsured/Underinsured Motor Vehicle Coverage
® on all vehicles. O on recreational vehicles only.
*1113 |3I understand that this Acknowledgment of Coverage Selection/Rejection will be applicable to the policy applied for, all future renewals of the policy, and on future policies issued because of a change of coverage or an interruption of coverage, unless I later request in writing a change in such coverage.
Applicant’s
Signature X_
The trial court found the State Farm rejection form was invalid. The judgment stated that the form was:
... [Therefore ineffective, because it implied that UM coverage is not mandated by law. The form’s language stated that the insured was being offered the opportunity to purchase UM coverage and that is misleading because it requires the insured to perform an affirmative act to choose coverage that is mandated by law and which the insured would receive even if she did nothing. Therefore, the form at issue here failed to place the insured in the position to make an informed rejection of UM coverage and, consequently, the insured’s rejection was not valid.
State Farm urges the following issues for review. First, State Farm argues the form provided the insured a clear meaningful choice. Second, State Farm argues the form is not required to advise the insured that UM coverage is mandated by law. Third, State Farm argues the form was a valid rejection of UM coverage. Finally, State Farm argues the form provided all options including UM coverage.
LAW AND ANALYSIS
The appellate court reviews a judgment granting a motion for summary judgment de novo. Royal Street Grocery, Inc. v. Entergy New Orleans, Inc., 2000-1530, p. 5 (La.App. 4 Cir 2/20/02), 811 So.2d 120, 123; Freeman v. Hutson, 99-1438, p. 5 (La.App. 4 Cir. 6/23/99), 738 So.2d 148, 151. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. Freeman, 99-1438 at p. 6, 738 So.2d at 152. The procedure is favored and |4shall be construed to accomplish these ends. Id. A summary judgment shall be rendered where if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
Uninsured motorist coverage is provided for by statute and embodies a strong public policy. Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987); A.I.U. Insurance Company v. Roberts, 404 So.2d 948 (La.1981). The object of such coverage is to provide full recovery for automobile accident victims who suffer damages caused by a tortfeasor who is not covered by adequate liability insurance. Henson v. Safeco Insurance Companies, 585 So.2d 534 (La.1991). La R.S. 22:1406 D(1)(a)(i) mandates that every automobile liability insurance policy issued or delivered in this state shall include coverage, in not less than the limits of bodily injury liability provided by the policy, for the protection of insureds who are legally entitled to recover from owners or operators of uninsured or underinsured motor vehicles. Statutory coverage will be read into a policy as if it were in the policy itself. Henson, 585 So.2d at 537. However, the statute also provides that the insured may reject in writing that statutorily mandated coverage or select lower limits.
The Louisiana Supreme Court stressed in Daigle v. Authement, 96-1662 *1114 (La.4/8/97), 691 So.2d 1218, that much discretion is given to the insurance carrier in the design of the UM form:
Implicit in the legislature’s direction to insurers to design a form, was the responsibility to design a form that would fairly effectuate the intent of the law. The legislature did not mandate that the form be designed in any particular way, nor did it indicate that any particular language was sacrosanct. The legislature had to have anticipated that [Rvarious insurers might go about the design of the necessary form in different ways. Moreover, as in any case where the same type of document is drafted separately by multiple authors, it is to be expected that some forms will be better than others. Had the legislature believed that only one format was acceptable or that only certain words or phrases could be used, it would have included the required format in the statute.
[[Image here]]
In Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992), we held that a rejection form used by an insurance company must inform the applicant of the available options regarding UM coverage so that the applicant can make a meaningful selection from among the options provided by the statute
[[Image here]]
In Tugwell, we noted that the task of informing the applicant of available options can be accomplished in several ways. It is not the job of the courts to draft insurance forms or to dictate the exact format or wording which must be used for a valid rejection of the mandated UM coverage. The legislature specifically left that task to the insurers.
Daigle, 691 So.2d 1213 at 1214-1216
This Court has addressed this issue previously in Schaefer v. Allstate Ins. Co., 2000-0349 (La.App. 4 Cir. 1/24/01), 778 So.2d 1155; Boyd v. Schroeder, 98-0915 (La.App. 4 Cir. 2/10/99), 735 So.2d 672; and Lefeaux v. Taylor, 97-0332 (La.App. 4 Cir. 9/24/97), 700 So.2d 1027. The argument advanced by Louise Burns has been rejected in all of previously decided cases in this Circuit.
In Lefeaux, the plaintiffs challenged a waiver because the form did not advise the insured that he would be provided coverage by operation of Louisiana law without a proper rejection. The Court dismissed the argument by asserting:
The plaintiffs challenge the waiver executed by Matta’s, arguing that it does not meet the legal requirements for a valid waiver because it is ambiguous and failed to provide Matta’s with sufficient information to make an informed decision on whether to accept or reject UM coverage. The defect in the Pacto policy, the plaintiffs claim, is that it neglects to inform Matta’s clearly that UM coverage will be provided by operation of law unless rejected or that Matta’s is entitled to full UM coverage. Thus, argue the plaintiffs, Pacto’s UM rejection “creates the illusion” that the insured has only two options instead of the three options imposed by Tugwell. We disagree.
Lefeaux, 97-0332 at p. 4, 700 So.2d at 1029.
In Boyd, the Court found a similar insurance waiver form sufficient and explained, “The question is not whether the form is perfect or whether a better form could be drafted. The question is whether the form is good enough.” Boyd, 98-0915 at p. 7, 735 So.2d at 676. The Court said, “Rather, we believe that a reasonable per *1115 son who reads the whole form will understand the available options.” Id. at p. 6, 735 So.2d at 676.
In Schaefer, which followed Lefeaux and Boyd, the Court found a similar waiver to the instant case valid, stating:
Case law has held that the insurance carrier only has a duty to provide a form that is unambiguous and gives the insurer a distinct opportunity to make a meaningful decision.... Ms. Schaefer had three clear-cut options for selecting automobile liability coverage and she freely chose the third option rejecting UM coverage.
Schaefer, 2000-0349 at p. 6, 778 So.2d at 1158.
Following our previous decisions on this issue, we find that the waiver form in the instant case was sufficient for .Louise Burns to make an informed meaningful decision about whether to reject UM coverage. As in Schaefer, Louise Burns had three clear options: to select UM coverage with full policy limits, to select UM coverage with limits of $500,000, or to reject UM coverage. Accordingly, we find that the trial court erred in not finding State Farm is entitled to judgment as a matter of law, as there was valid rejection of the UM coverage provided in the policy in question. Therefore, the judgment of the trial court is reversed.
REVERSED.