I, DAVID S. GORBATY, Judge.
In this appeal, plaintiff contends that the trial court erred in granting the summary judgment dismissing the Uninsured/Un-derinsured Motorist (“UM”) insurer, State Farm Mutual Automobile Insurance Company (“State Farm”), from this litigation. For the reasons set forth below, we affirm. FACTS AND PROCEDURAL HISTORY
Plaintiff-Appellant was allegedly injured in an automobile collision with a New Orleans Police Department (“NOPD”) patrol car. At the time, David Wilson, the police officer driving the patrol car, was in the course and scope of his employment. Plaintiff filed suit against David Wilson, the City of New Orleans (“the City”); the NOPD, a department of the City; and State Farm, plaintiffs UM insurance carrier.
State Farm filed a Motion for Summary Judgment, arguing that because the City is self-insured, the State Farm policy excluded the patrol car from the policy definition of an uninsured motor vehicle. The trial court granted the motion and dismissed State Farm from the litigation. Plaintiff subsequently filed this appeal.

DISCUSSION

In its Motion for Summary Judgment, State Farm relied upon an exclusionary provision of its standard form policy that reads:
An uninsured motor vehicle under Coverage “U” does not include a land motor vehicle:
$ ‡ í|¡
3. owned or operated by a self-insurer under any motor vehicle financial re *428 sponsibility law, a motor carrier law or any similar law;
4. owned by any government or any of its political subdivisions or agencies.
Since the City is self-insured, State Farm reasoned, UM coverage does not apply to this accident.
Citing Jones v. Henry, 542 So.2d 507 (La.1989), appellant argues that the UM statute prohibits the identical exclusionary provision for self-insured vehicles on which State Farm relies. In Jones, the Louisiana Supreme Court held, “Since the exclusion of self-insured vehicles from the definition of uninsured motor vehicles provides less coverage than contemplated by the statute, the exclusion is invalid ... [S]elf-insured vehicles are uninsured vehicles.” Id. at 508-509.
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Potter v. First Federal Savings & Loan Ass’n of Scotlandville, 615 So.2d 318, 325 (La.1993); Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). A summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C. Civ. P. Art. 966(B).
| a Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Potter, 615 So.2d at 325; Schroeder, 591 So.2d at 345.
The Louisiana Motor Vehicle Safety Responsibility Law, La. R.S. 32:861(A)(1), provides:
Every self-propelled motor vehicle registered in this state except those motor vehicles used as agricultural or forest vehicles during seasons when they are not used on the highway, those used primarily for exhibit or kept primarily for use in parades, exhibits, or shows, and lease-bound mobile rig haulers as defined in Subsection D of this Section, shall be covered by an automobile liability policy with liability limits as defined by R.S. 32:900(B)(2) or 900(M), or a binder for same, or by a motor vehicle liability bond as defined by Subsection B of this Section, or by a certificate of the state treasurer stating that cash or securities have been deposited or securitized with said treasurer as provided by Subsection C of this Section, or by a certificate of self-insurance as provided by R.S. 32:1042.
Under La. R.S. 32:1042, the City, as a government entity, is exempt from providing a certificate of self-insurance. Therefore, the City, the owner of the vehicle in question, is self-insured.
La. R.S.- 22:1406(D)(3), as amended in 1991, provided:
Any party possessing a certificate of self-insurance as provided under the Louisiana Motor Vehicle Safety Responsibility Law, shall be an “insurer” within the meaning of the uninsured motorist coverage provided under the provisions of this Subsection.
In analyzing this amendment, legal commentators noted:
By Act 626 of 1991, the UM statute was amended to provide that anyone possessing a certificate of self-insurance under the Louisiana Motor Vehicle Safety Responsibility Law would be an “insurer” within the meaning of the UM coverage provided under the statute. Since the statute makes little use of the term *429 “insurer,” the intended effect of the amendment is not entirely certain. It probably was intended to legislatively overrule the decision in Jones v. Henry that a vehicle owned by a qualified self-insured was still an uninsured motor vehicle within the meaning of the UM statute.
1 ¿.Whether the amendment will be held to have a broader effect remains to be seen. It will be suggested that the amendment also should be held to impose a duty on qualified self-insurers, as “insurers,” to provide uninsured motorist coverage.
W. Shelby McKenzie and H. Alston Johnson, Developments in the Law 1990-1991, Insurance, 52 La. L.Rev. 527, 529 (1992).
In 1992, La. R.S. 22:1406(D)(3) was again amended to add:
This provision shall not be construed to require that a party possessing a certificate of self-insurance provide uninsured motorist coverage or that such coverage is provided by any party possessing such a certificate.
In regard to the second amendment, analysts observed:
The 1991 amendment was clarified by Act 583 of 1992, which expressly states that the amendment shall not be construed to require a self-insurer to provide U/M coverage. Therefore, the sole purpose of the 1991 amendment must have been to overrule legislatively the holding of Jones that a vehicle owned by a qualified self-insurer is an uninsured motor vehicle.
W. Shelby McKenzie and H. Alston Johnson, Louisiana Civil Law Treatise: Insurance Law and Practice, West 1996, p. 284, n. 7.
We agree with this analysis of La. R.S. 22:1406(D)(3). The interpretation urged by plaintiff would give no effect to the amendments to the statute. We also note that the cases relied upon by plaintiffs are distinguishable from the instant matter. Duncan v. State Dept. of Transportation and Development, 615 So.2d 305 (La.1993), and Talamo v. Shad, 619 So.2d 699 (La.App. 4 Cir.1993), interpreted insurance law as it existed prior to the amendments to La. R.S. 22:1406. Tybussek v. Wong, 96-1981 (La.App. 4 Cir. 2/26/97), 690 So.2d 225, held that a self-insured political subdivision, as a vehicle owner, was not required to provide uninsured motorist (UM) coverage within self-insured retention.
| ñCONCLUSION
As such, we conclude that the City’s self-insured status is not equivalent to being uninsured. Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.