CLARENCE E. McMANUS, Judge.
laOn October 3, 2007, Mr. Mednick filed a petition for damages resulting from an automobile accident against State Farm Insurance Company, his uninsured/under-insured motorist insurance carrier. Med-nick alleges that on October 11, 2005, he was traveling on 1-10, when he was rear-ended by a vehicle operated by Thomas Klasson while Mr. Klasson was engaged in the course and scope on his employment with the United States Department of Agriculture. The record reflects that Mr. Mednick also filed a federal administrative action against Mr. Klasson and the United States Department of Agriculture under the Federal Torts Claims Act.
State Farm filed a motion for summary judgment, alleging that the accident was excluded from uninsured/underinsured motorist coverage by its policy issued, which excluded coverage for vehicles owned by governmental entities and vehicles owned by entities who are self-insured. The trial court granted the motion for summary judgment, finding that coverage was excluded because the vehicle in question was government owned, and further that coverage exclusion for government owned vehicles does not violate public policy.
Mednick appeals from this decision, alleging that the trial court erred in granting the motion for summary judgment. Mednick contends that the exclusion launder the uninsured motorist coverage of his policy against governmentally owned vehicles is void as a matter of law under public policy.
Appellate review of the granting of a motion for summary judgment is de novo, using the identical criteria that govern the trial court’s consideration of whether summary judgment is appropriate; whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; King v. Illinois Nat. Ins. Co., 08-1491 (La.4/3/09), 9 So.3d 780; King v. Parish Nat’l Bank, 04-0337 (La.10/19/04), 885 So.2d 540, 545.
An insurance policy is an agreement between the parties and should be interpreted by using ordinary contract principles. If the language in an insurance contract is clear and unambiguous, the agreement must be enforced as written. LSA-C.C. art. 2046; McMath Const. Co., Inc. v. Dupuy, 03-1413 (La.App. 1 Cir. 11/17/04), 897 So.2d 677, writ denied, 04-3085 (La.2/18/05), 896 So.2d 40.
Absent a conflict with statutory provisions or public policy, insurers are entitled to limit their liability and to impose reasonable conditions upon the obligations they contractually assume. However, exclusions contained within the policy that conflict with statutes or public policy *1135 will not be enforced. Marcus v. Hanover Ins. Co., 98-2040 (La.6/4/99), 740 So.2d 603, 606.
The policy at issue provides, in pertinent part, that
An uninsured motor vehicle under coverages U(uninsured motor vehicle) and UEO (“Economic-Only” Uninsured Motor Vehicle) does not include a land motor vehicle:
1. insured under the liability coverage on this policy;
2. furnished for the regular use on you, your spouse or any relative;
3. owned or operated by a self-insurer under any motor vehicle financial responsibility law, a motor carrier law or any similar law;
4. owned by any government or any of its political subdivisions or agencies;
5. designed for use mainly off public road except while on public roads; or
146. while located for use as premises.
State Farm urged two exclusions applicable to this case, a vehicle owned by a self-insurer, and a vehicle owned by a governmental agency. The trial court, in finding that there was no coverage under the policy, stated that
... the Motion for Summary Judgment ... is GRANTED as it has been established that the subject vehicle was government-owned and it has been determined that the relevant policy exclusion regarding government-owned vehicles is not against public policy.
The trial court did not reach the issue of whether defendant adequately proved that the vehicle was owned by a self-insurer.
Plaintiff alleges that the trial court erred in finding valid the exclusion for a vehicle owned by a governmental agency, which he contends is against public policy and therefore unenforceable.
R.S. 22:1295[1] sets forth the purpose of the uninsured/underinsured motorist provisions. In Marcus, swpra, 740 So.2d at 605, the Court said that
The Louisiana Motor Vehicle Safety Responsibility Law has as its purpose “the elimination of the reckless and irresponsible driver from the highways by requiring that owners and drivers of motor vehicles provide proof of financial responsibility.” In La. R.S. 22:655(D) [now R.S. 22:1295], the legislature expressly announced our state’s public policy regarding liability insurance by stating that liability policies are issued “for the benefit of all injured persons” and that it is the “purpose of all liability policies to give protection and coverage to all insureds.” The purpose of the compulsory automobile liability insurance law is not to protect the owner against liability, but to provide compensation for persons injured by the operation of insured vehicles. (Citations omitted.)
The purpose of UM coverage was discussed in Armand v. Rhodes, 96-15 (La.App. 3 Cir. 12/11/96), 685 So.2d 546, 549-550, unit denied, 97-0006 (La.3/21/97), 691 So.2d 81:
Under the terms of R.S. 22:1406(D) [now R.S. 22:1295], automobile liability insurance delivered or issued for delivery in Louisiana and | r,arising out of ownership, maintenance, or use of a motor vehicle registered in Louisiana and designed for use on public highways must provide uninsured/underinsured motorist (UM) coverage equal to the *1136 liability provided for bodily injury. The purpose of this statute is to protect insureds who become the innocent victims of uninsured/underinsured motorists’ negligence. Uninsured motorist coverage is intended to protect the insured at all times against the generalized risk of damages at the hands of uninsured motorists. The statute as amended indicates that the legislature intended to provide a full recovery for innocent accident victims by making their UM coverage the primary coverage when the tort-feasors are uninsured. (Citing Jones v. Henry, 542 So.2d 507, 508 (La.1989), superseded, by statu,te, Sandoz v. State Farm Mut. Auto. Ins. Co., 620 So.2d 441 (La.App. 3 Cir.1993)).
Uninsured motorist coverage is provided for by statute and. embodies a strong public policy. The object of such coverage is to provide full recovery for automobile accident victims who suffer damages caused by a tortfeasor who is not covered by adequate liability insurance. Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987); Burns v. Hetler, 02-1733 (La.App. 4 Cir. 2/26/03), 842 So.2d 1111, 1113, writ denied, 03-0720 (La.5/9/03), 843 So.2d 400.
Because the trial court did not reach the issue of whether UM coverage is excluded under the self-insured provision of the policy, we are limited in our review to the issue of whether the trial court correctly concluded that there was no UM coverage under the plaintiffs policy because the tortfeasor’s vehicle was government owned, and whether such a provision is against public policy.
We have found no recent cases from our jurisdiction that have addressed this issue. In the past, at least one Louisiana Court has found that a similar exclusion in a UM policy is not sanctioned by the UM statute. See Powell v. Allstate Ins. Co., 233 So.2d 38 (La.App. 2 Cir.1970).
Other states have found that such a provision is against public policy — after considering the basic principle behind UM coverage, namely that an insured is indemnified if unable to collect fully from the uninsured driver. Therefore, fallowing a policy to exclude UM coverage because of a class of vehicle (without proof of alternative coverage, like self-insurance), thwarts the legislature’s objective of UM coverage, that is allowing an insured indemnity on his own policy when the liability limits of the tortfeasor prevents him from full recovery for his injures. See for example State Farm v. Greer, 777 P.2d 941 (1989); Hillhouse v. Farmers Ins. Co., 226 Kan. 68, 595 P.2d 1102 (1979); Higgins v. Nationwide 291 Ala. 462, 282 So.2d 301 (1973).
In Cropper v. State Farm Mutual Automobile Ins. Co., 671 A.2d 423, 425 (Sup.Ct.Del. Kent County 1995), affirmed, State Fann v. Cropper, 676 So.2d 907 (Del.Supr.1995), the court stated that the legislative purpose of Delaware’s uninsured motorist statute was “the protection of innocent persons from the negligence of unknown or impecunious tortfeasors.” It then held that “State Farm’s exclusion of government-owned vehicles from its definition of uninsured vehicles limits the scope of uninsured motorist protection to less that that prescribed by statute.” At page 427.
In Nationwide Mut. Ins. Co. v. Hatfield,, 122 S.W.Sd 36, 42-43 (Ky.2003), the court stated that the intent of Kentucky’s Motor Vehicle Reparations Act in general and its underinsured motorist statute in particular was to “ensure as much as possible that the victim of a motor vehicle accident is fully compensated” and that Nationwide’s “policy provision seeking to exclude government-owned vehicles in contrary to the *1137 express intent of KMVRA and the Under-insured Motorist Statute.”
Considering the expressed intent of Louisiana’s insurance Code and it’s uninsured/underinsured motorist provisions, we now hold that the exclusion of government owned vehicles from uninsured/un-derinsured motorist coverage thwarts the expressed public policy of the statute setting forth the purpose of such |7coverage, namely to protect those innocent insureds who are harmed by an uninsured or under-insured tortfeasor.
Because we find that the exclusion from uninsured/underinsured coverage for government owned vehicles is contrary to public policy and therefore unenforceable, we find that the trial court erred in using this exclusionary language to find no coverage, and in granting State Farm’s motion for summary judgment, which effectively dismissed plaintiffs claim against it.
For the above discussed reasons, the trial court’s ruling granting summary judgment in favor of State Farm is reversed, and this matter is remanded for further proceedings. All costs of this appeal are assessed against State Farm.

REVERSED AND REMANDED.

ROTHSCHILD, J„ Dissents.

. LSA-R.S. 22:1295, formerly R.S. 22:680 was redesignated by Acts 2008, No. 415, § 1, eff. Jan. 1, 2009. R.S. 22:680, formerly R.S. 22:1406(D), was redesignated by Acts 2003, No. 456, § 3. Amended by Acts 2008, No. 194, § 1.