EDWIN A. LOMBARD, Judge.
pin this appeal, Plaintiff Jane Sumner and Office of Group Benefits, intervenor, contend that the trial court erred in granting the summary judgment filed by the Uninsured / Underinsured (“UM”) insurers, Progressive Security Insurance Company and Vigilant Insurance Company, dismissing them from this action. For the reasons set forth below, we affirm the decision of the trial court.

Factual and Procedural History

On August 6, 2004, Jane Sumner was involved in an automobile accident on Poy-dras Street in New Orleans with a vehicle operated by Kimberly Mathes and owned by the City of New Orleans, Sanitation Department, Mrs. Mathes’ employer. Mrs. Mathes was in the course and scope of her employment by the city at the time of the accident. Mrs. Sumner’s vehicle liability coverage included an uninsured / underinsured “UM” policy issued by Progressive Security Insurance Company to her husband, and with excess UM coverage provided by Vigilant Insurance Company under the same policy. At issue before this Court is the following relevant portion of Progressive’s UM policy issued to the Sumners:
[[Image here]]
Subject to the Limits of Liability, if you pay the premium for Uninsured/Under-insured Motorist Bodily Coverage, we will pay |gfor damages which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:
1. sustained by an insured person;
2. caused by an accident; and
3. arising out of the ownership, maintenance, or use of an uninsured motor vehicle.
An “uninsured motor vehicle” does not include any motorized vehicle or equipment:
a. owned by you or a relative;
b. owned or operated by a self-insurer under any applicable vehicle law, *933 except a self-insurer that is or becomes insolvent;
c. operated on rails or crawler treads
⅝ ⅜ # ⅜ ⅜ ⅜
(Emphasis added). Mrs. Sumner filed suit against Mrs. Mathes and the City of New Orleans. Plaintiff also filed suit against Progressive as her UM carrier, and subsequently amended her petition to add Vigilant as a defendant.
Shortly after filing suit, plaintiff filed a motion for summary judgment, arguing that she is entitled as a matter of law to coverage for bodily injuries and property damage under the Progressive UM policy. Plaintiff argued that though the City of New Orleans is self-insured, it is insolvent and unable to pay its liabilities. Plaintiff argued that Progressive is therefore required to provide coverage under its UM policy language (above). Progressive opposed plaintiffs motion, arguing that there is at least a genuine issue of material fact as to the city’s solvency. The trial court agreed with Progressive’s position, and denied plaintiffs motion for summary judgment in a written judgment signed April 13, 2006 with written reasons provided April 17, 2006.
On June 26, 2007, Progressive and Vigilant filed a joint motion for summary judgment, seeking to dismiss plaintiffs UM coverage claims against them. ^Progressive and Vigilant argued that due to the city’s status as a self-insurer, it cannot be said that a city-owned vehicle constitutes an “uninsured vehicle” under the Progressive policy. The defendants maintained that the plaintiff has proffered no factual support to substantiate a finding that the City of New Orleans is insolvent, so as to warrant UM coverage under the Progressive policy.
Mrs. Sumner opposed the defendants’ motion for summary judgment, arguing that the Progressive policy’s failure to define “insolvency” requires that the policy be construed in favor of the insured. Plaintiff offered as expert opinion a report from a forensic accountant whose report states that the City of New Orleans is insolvent.
In the discovery phase of the lawsuit, the parties took the deposition of Mr. Derek Muse, the Deputy Director of Finance for the City of New Orleans. In support of summary judgment, the defendants introduced Mr. Muse’s statements as well as expert opinion reports from a certified public accountant, allegedly showing that the City of New Orleans is not insolvent. At the August 21, 2009 hearing on the defendants’ motion for summary judgment, both sides presented arguments to the court, and the trial court granted summary judgment, stating:
“I think there is a difference between insolvency and the city making a decision to make a list of judgments and some orderly fashion of paying them. And the fact that the city continues to operate and pay its debts to me makes it clear that it’s not insolvent.”
The trial court’s written judgment granting the defendants’ motion for summary judgment was signed on September 29, 2009. Plaintiff now appeals the trial court’s decision to grant summary judgment to this Court.[1]
*934 | ¡Assignments of Error
Appellant Jane Sumner raises three arguments on appeal.[2] She first argues summary judgment is inappropriate because of alleged ambiguity in the Progressive policy, and because there remains a genuine issue of fact as to the solvency of the City of New Orleans. Secondly, plaintiff argues that Progressive’s UM policy excluding coverage to self-insured vehicles is contrary to Louisiana’s public policy regarding the application of UM coverage. Finally, plaintiff argues that Progressive has not adequately proved that the City of New Orleans qualifies as a “self-insurer” for the purposes of liability coverage of its vehicles.

Standard of Review and Summary Judgment Standard

Appellate courts review motions for summary judgment de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Wood v. Del Giorno, WWL-AM, et al, 2006-1612, p. 3 (La.App. 4 Cir. 12/19/07), 974 So.2d 95, 98. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ. Proc. art. 966(B). The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an ^absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. La.Code Civ. Proc. art. 966(C)(2).
Because the movant has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Istre v. Meche, 2005-2508, p. 6 (La.6/16/06), 931 So.2d 361, 364. Summary judgment is favored under our law and shall be construed to secure the just, speedy, and inexpensive determination of every action.

Law and Analysis

An insurance policy is a conventional obligation that constitutes the law between the insured and insurer, and the agreement governs the nature of their relationship. Rolston v. United Services Automobile Association, 2006-0978, p. 4 (La.App. 4 Cir. 12/13/06), 948 So.2d 1113, 1116. As such, courts are guided by certain principles of construction and should interpret insurance policies the same way they do other contracts by using the general rules of contract interpretation set forth in our Civil Code. Peterson v. Schimek, 98-1712, pp. 4-5 (La.3/2/99), 729 So.2d 1024, 1028-29. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. Civ. Code art. 2046.
An insurance contract should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or to restrict its provisions beyond what is reasonably contemplated by unambiguous terms. Rolston, supra, p. 4, 948 So.2d at 1117. Ambiguous policy provisions are generally construed against the insurer and in favor *935 of coverage. Cadwallader v. Allstate Ins. Co., 2002-1637, p. 4 (La.6/27/03), 848 So.2d 577, 580; La. CivhCode. art. 2056. Whether an insurance policy provides for or precludes coverage, as a matter of law, is an issue that can be resolved within the framework of a motion for summary judgment. Franques v. Jones, 2006-1177, p. 3 (La.App. 4 Cir. 5/9/07), 961 So.2d 1253, 1255.
In the case at hand, plaintiff first argues summary judgment is inappropriate because of alleged ambiguity in the Progressive policy, and because there remains a genuine issue of fact as to the solvency of the City of New Orleans. Appellant’s first argument regarding this assignment of error is that because the Progressive policy at issue does not define “solvency,” summary judgment is inappropriate to dispose of plaintiffs claims given this alleged ambiguity in the insurance contract. She also argues that the Progressive policy’s language, “except that a self-insurer is or becomes insolvent,” is ambiguous. However, a term in an insurance contract is not automatically considered ambiguous merely because it is not defined in the contract.
 Plaintiffs second argument that summary judgment is inappropriate is that there remains a genuine issue of fact as to the solvency of the City of New Orleans. Though there was substantial disagreement regarding the definition of “insolvency” at the trial court level, our legal heritage requires us to look no further than our Civil Code, which states that “[a]n obligor is insolvent when the total of his liabilities exceeds the total of his fairly appraised debts.” La. Civ.Code art. 2037. Also, both parties also argue as to the timing of when to determine the solvency of a self-insurer under such policy language. Though as an appellate court we decline to determine a bright-line rule, we believe that if the insolvency of a self-insurer cannot be substantiated by the time adequate discovery has been conducted, then the inquiry should end. Words in an insurance contract are to be lygiven their generally prevailing and ordinary meaning, unless they have acquired a technical meaning. La. Civ.Code art. 2047; McKittrick v. Louisiana Health Service and Indem. Co., 37,104, p. 5 (La.App. 2 Cir. 4/9/03), 843 So.2d 577, 580. The phrase “is or becomes insolvent” is not an open-ended invitation for a claimant to peruse the solvency of a self-insurer at any length of time. Such an interpretation is undoubtedly an “absurd” consequence not tolerated in our Civil Code. La. Civ.Code. art. 2046.
By the time arguments on the appellees’ motion for summary judgment had been heard by the trial court, ample discovery had been conducted regarding the city’s solvency. Such discovery included the deposing of Mr. Derek Muse, the Deputy Director of Finance for the City of New Orleans. Mr. Muse’s testified that in the City of New Orleans financial statement of December 31, 2007, long after the subject accident, the city’s assets exceeded its liabilities. Furthermore, the deposition exhibits confirmed the same, showing that from 2003 onwards, and certainly at the time of the August 6, 2004 accident, the City of New Orleans’ asset figures were greater than their liabilities. The defendants also retained an expert certified public account whose expert witness report and sworn affidavit refuted the plaintiffs expert report and determined that the City of New Orleans was not insolvent on August 6, 2004, and that it has not become insolvent since.
Furthermore, this Court is not persuaded by plaintiffs reliance on newspaper accounts of the city’s budget woes and statements from former Mayor C. Ray Nagin *936 as evidence creating a genuine issue of material fact as to the city’s solvency. Given the extensive discovery in this matter leading up to the defendants’ motion for summary judgment, this Court finds that, upon de novo preview of the record, there is no error in the trial court’s ruling that the City of New Orleans is not insolvent. La. Civ.Code art. 2037.
Plaintiffs second assignment of error is that Progressive’s UM policy excluding coverage to self-insured vehicles is contrary to Louisiana’s public policy regarding UM coverage. Plaintiff asserts a recent Louisiana Fifth Circuit decision voiding an exclusionary clause denying UM coverage and reversing summary judgment in favor of the UM carrier. In Mednick v. State Farm Mut. Auto. Ins. Co., 09-183 (La.App. 5 Cir. 1/26/10), 31 So.3d 1133, the court held that exclusionary language in the policy, stating that an “uninsured vehicle” does not include a motor vehicle “owned by any government or any of its political subdivisions or agencies” is void as against Louisiana’s public policy promoting UM coverage. Id., pp. 6-7, 31 So.3d at 1137.
While Mednick properly delineated the public policy rationale for uninsured motorist coverage, the policy language at issue in Mednick involved a much broader exclusion than the policy at issue in this matter (all vehicles owned by any governments or political subdivision), and is therefore distinguishable from the language in the Progressive policy merely excluding UM coverage for self-insured vehicles, except when the self-insurer is or becomes insolvent.
In Plumb v. City of New Orleans, et al, 2003-0269 (La.App. 4 Cir. 8/6/03), 854 So.2d 426, this Court affirmed a granting of summary judgment in favor of a UM insurer in a similar situation to the matter at hand. The plaintiff-appellant in Plumb was allegedly injured in a collision with a New Orleans Police Department patrol car while the officer was in the course and scope of his employment with the city. This Court upheld policy language excluding self-insured vehicles from the definition of a covered “uninsured motor vehicle.” Id., p. 4, 854 So.2d at 429.
^Furthermore, this Court considered the recent legislative amendments in Louisiana’s motor vehicle safety laws and determined that the City of New Orleans, the owner of the vehicle in question, is self-insured. Id., pp. 4-5, 854 So.2d at 428-429. This Court sees no flaw in our holding in Plumb, and therefore find that there is no violation of Louisiana’s public policy regarding UM coverage in enforcing the Progressive policy’s language excluding self-insured vehicles from UM coverage. “[T]he City’s self-insured status is not equivalent to being uninsured.” Id., p. 5, 854 So.2d at 429.
Finally, this Court is not persuaded by appellant’s arguments challenging the City of New Orleans’ self-insured status. As explained by this Court in Plumb, pp. 4-5, 854 So.2d at 428-429, La.Rev.Stat. § 32:1041 clearly and unequivocally exempts the state and any municipality therein from the certificate of self-insurance requirements set forth in § 32:1042, et seq. Again, we stand by our prior decision in Plumb, supra, p. 3, 854 So.2d at 428, holding that the City of New Orleans is self-insured.

Conclusion

Because there is no genuine issue of material fact as to the City’s solvency, and because Progressives provision excluding self-insured vehicles from UM coverage is not contrary to public policy, we find no error in the trial courts granting of summary judgment dismissing appellants claims against Progressive Security Insur- *937 anee Company and Vigilant Insurance Company.

Decree

The decision of the trial court in granting summary judgment and dismissing all claims against defendants Progressive Security Insurance Company and ImVigilant Insurance Company is affirmed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.
AFFIRMED.
BONIN, J., Dissents and Assigns Reasons.

. Following the granting of summary judgment in favor of defendants, plaintiff filed a Motion for New Trial, which was denied. Though plaintiff's motion for devolutive appeal sought the appeal of both the granting of Progressive and Vigilant’s motion for summary judgment and the denial of her motion for new trial, plaintiff's brief before this Court only raises arguments pertaining to the granting of summary judgment.

. Office of Group Benefits adopts the arguments of plaintiff / appellant Jane Sumner.