HIGGINBOTHAM, J.
|2In this appeal, the plaintiffs, Terry and Jennifer, Chauncy, challenge the .trial court’s summary judgment dismissal of one of the defendants, an uninsured/under-insured (“UM”) insurer, Mountain Laurel Assurance Company (“Mountain Laurel”).
BACKGROUND
On September 2, 2012, .Terry Chauncy was involved .in a collision in Washington Parish, at the intersection, of La. Hwy. 10 and La. Hwy. 450. The other vehicle involved in the. accident was owned by the Military Department of the State of Louisiana (the State), and operated by Private Patrick Allen, Jr., who was on a state mission at the time. Chauncy and his wife’s vehicle liability coverage included a UM policy issued by one of the Progressive insurance companies, Mountain Laurel. Due to alleged injuries sustained in the accident, Chauncy and- his wife filed suit for damages against Allen, the State, and Mountain Laurel, in its capacity as the Chauncys’ UM carrier.[2]
On September 26, 2014, Mountain Laurel filed a motion for summary judgment, *28 seeking- to dismiss the Chauncys’ UM claims. Mountain Laurel urged that the policy it issued to the Chauncys excluded UM coverage for bodily injury claims under these facts, because the vehicle operated by the defendant driver was owned and self-insured by the State, and therefore did not meet the definition of an “uninsured motor vehicle” under the terms of the policy. In support of its motion for summary judgment, Mountain Laurel filed a memorandum and numerous exhibits, including a certified copy of its insurance policy and the State’s responses to various requests for production of documents, interrogatories, and admissions of Isfact. In those documents, the State denies Allen’s liability for the accident, but admitted that the State was self-insured and that Allen was covered under the State’s self-insurance plan. The Chauncys opposed Mountain Laurel’s motion for summary judgment, arguing that the UM policy exclusion pertaining to self-insured vehicles is against public policy, and that the State is not self-insured under Louisiana law. They also contended that if the State was ultimately successful in its affirmative defense of immunity, along with the statutory cap on the State’s liability, then the UM policy provisions should be triggered to allow them full recovery. The Chauncys did not file or introduce any evidence in support of their opposition.
At the November 24, 2014 hearing on Mountain Laurel’s motion for summary judgment, the trial court heard argument and considered the evidence filed in the record. The trial court ruled that there was no material fact in dispute-and that the Mountain Laurel policy excluded UM coverage for vehicles owned or operated by> a self-insurer. Therefore, the trial court granted summary judgment in favor of Mountain Laurel, dismissing Mountain Laurel from the lawsuit. The Chauncys appealed,[3] urging error as to the trial court’s legal interpretation of Mountain Laurel’s UM policy exclusion for self-insured vehicles.' The Chauncys specifically urge the exclusion is' void because it is against Louisiana’s' public policy regarding the[1] application of UM' coverage to allow them full recovery for their damages. The 14Chauncys also argue that there is a question of fact as to whether the damages exceed the State’s statutory cap on damages.
LAW AND ANALYSIS
Appellate courts. review summary judgments de novo under the same criteria that govern the trial court’s consideration *29 of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750. A motion for summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together-with the affida-. vits, if any, admitted for the purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ. P. art. 966(B)(2).[4]
.On issues for which the moving party will not bear the burden of proof at trial, the moving party’s burden of proof on the motion is satisfied by pointing out to the court that there is an absence of factual support for one or more elements essential’to the adverse party’s claim, action, or defense. Thereafter, the nonmov-ing party must produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof .at trial; failure to do so shows that there is no genuine issue of material fact. La.Code Civ. P. art. 966(C)(2). "Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the cáse. Manno v. Gutierrez, 2005-0476 (La.App. 1st Cir.3/29/06), 934 So.2d 112, 116. The party opposing summary judgment cannot rest on the mere allegations of his pleadings but must show that he has evidence that could satisfy his evidentiary burden at trial, if he does not produce such evidence, then there is no genuine issue IfiOf material fact and the mover is entitled to summary judgment. Mbarika v. Bd. of Sup’rs of Louisiana State Univ., 2007-1136 (La.App. 1st Cir.6/6/08), 992 So.2d 551, 561, writ denied, 2008-1490 (La.10/3/08), 992 So.2d 1019.
The interpretation of an insurance policy is usually a legal question that can be properly resolved in the framework of á motion for summary judgment. When the language of an insurance policy is clear and unambiguous, a reasonable interpretation consistent with the obvious meaning and intent of the policy must be -given. Words of an insurance policy should be construed' in their general and popular interpretation and not that which is strained arid unusual. Vargas v. Daniell Battery Mfg. Co., Inc., 93-2282 (La.App. 1st Cir.12/29/94), 648 So.2d 1103, 1106-07. An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. Sher v. Lafayette Ins. Co., 2007-2441 (La.4/8/08), 988 So.2d 186, 192. The court’s responsibility in interpreting insurance contracts is to determine the parties’ common intent. Words and phrases used in an insurance policy should be construed using their plain, ordinary, and generally prevailing meaning, unless the words have acquired a technical meaning.- Id., 988 So.2d at 192-93. An insurance policy should not- be iriterpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Id. Unless an insurance policy conflicts with statutes or public policy, it may limit an insurer’s liability. Id.
.The UM policy provision at issue provides that Mountain Laurel will pay for damages that an insured person is legally *30 entitled to recover from an owner or operator of an “uninsured motor vehicle” because of bodily injury.- The policy defines an. “uninsured motor vehicle” to mean, a motor vehicle “to which no bodily injury liability bond or policy ... applies at the time of the accidental” Additionally, Mountain Laurel’s UM policy contains an exclusion that specifically provides that |fian “ ‘uninsured motor vehicle’ does not include any vehicle or equipment ,.. which is owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer that is or becomes insolvent.” (Some emphasis added.) Since there has been no challenge to the State’s admission that it is a self-insurer or the State’s solvency, and the State owns the vehicle that the Chauncys allege is uninsured or underinsured, Mountain Laurel reasons that its UM policy clearly does not provide coverage in this case.
Similar exclusionary language, contained in another UM policy issued by Progressive .was examined in a summary judgment context by the Fourth Circuit , in Sumner v. Mathes, 2010-0438 (La.App. 4th Cir.11/24/10), 52 So.3d 931, 932-33, writs denied, 2011-0016 and 2010-2824 (La.3/4/11), 58 So.3d 476. In Sumner, the plaintiff argued that the policy exclusion was ambiguous and there was a genuine issue of material fact as to whether the City of New Orleans, a self-insurer, was insolvent. The Chauncys do not make those arguments here, but they do assert that the exclusion is contrary to Louisiana’s public policy promoting UM coverage, which was also urged by the plaintiff in Sumner,[5] The Sumner court considered the same public policy argument, and determined that the policy language merely excludes UM coverage for self-insured vehicles (except when the self-insurer is or becomes insolvent) and it does not violate public policy because “self-insured status is not equivalent to being uninsured.” Sumner, 52 So.3d at 936 (quoting Plumb v. City of New Orleans, 2003-0269 (La.App. 4th Cir.8/6/03), 854 So.2d 426, 429.) We agree with the Fourth Circuit’s reasoning. We find that Mountain Laurel’s UM policy exclusion for self-insurers does not violate Louisiana’s public policy regarding UM coverage. The exclusion for self-insurers does not in any way thwart [7the legislature’s objective of providing for UM coverage in situations where an alleged tortfeasor is uninsured or inadequately insured.[6]
Additionally, we find no genuine issue of material fact remains as to whether Mountain Laurel’s UM policy excludes coverage in this case. Whether the State succeeds, in.its alleged immunity .defense or whether the State’s total liability is eventually statutorily capped has no bearing on the State’s self-insurer status, which is specifically, excluded from coverage under the Mountain Laurel’s UM poli *31 cy. The monetary amount of liability or quantum of damages is irrelevant to the simple issue of whether the owner and operator of the offending vehicle had no liability insurance .coverage. See Gilmer v. Parish Sterling Stuckey, 2009-0901 (La.App. 1st Cir.12/23/09), 30 So.3d 782, 786-87. But even if it was relevant, we note that the Chauncys offered no evidence that their damages would exceed the amount of the State’s self-insured ability'to pay or limit of liability. In order for insureds to recover against their UM insurer, they must prove the underinsured status of the offending motorist. Lozano v. Brown, 2010-489 (La.App. 5th Cir.1/25/11), 60 So.3d 669, 671-72. A party opposing summary judgment may not rely on general denials or allegations without substance to preclude summary judgment. See Lewis v. Busby, 2005-2242 (La.App. 1st Cir.9/27/06), 946 So.2d 665, 669. Absent any proof in the record that the State was uninsured or underinsured at the time of the accident, we must conclude that the Chauncys failed to demonstrate that they would be able to meet their burden of proof against Mountain Laurel at trial. Thus, the trial court did not err in granting summary judgment in favor of Mountain Laurel.
I ^CONCLUSION
Based on the above reasoning, we affirm the amended partial summary judgment of the trial court, which dismissed Mountain Laurel ’ Assurance Company with prejudice. Costs of this appeal are assessed to the plaintiffs, Terry and Jennifer Chauncy.
RULE TO SHOW CAUSE DISMISSED AND APPEAL MAINTAINED; JUDGMENT AFFIRMED.
CRAIN, J. dissents and assign reasons.

. Jeff Landry became Louisiana Attorney General while this appeal was pending.

. The Military Department for the State of Louisiana is the proper party defendant for the National Guard, the entity for which Allen was driving at the time of the accident. See La. R.S. 29:1(A). The Chauncys filed a first supplemental and amending petition for damages to substitute The Military Department, State of Louisiana, as a defendant in place of the originally named defendants, Louisiana National Guard, State Military Affairs-Armories, and the State of Louisiana.

. The Chauncys appealed from the trial court’s original judgment, signed December 15, 2014, that purportedly dismissed their claims against Mountain Laurel. This court issued a show cause order ex proprio motu on August 21, 201'5, noting that the original judgment appeared to lack appropriate decretal language, in that it was unclear whether Mountain Laurel had been dismissed from the litigation. The matter was remanded for the limited purpose of allowing the trial court to sign an amended judgment'and have the appellate record supplemented with the amended judgment. The Chauncys responded to this court’s show cause order and included an amended judgment signed by the trial court on September 15, 2015. The appellate court record has been supplemented with the amended judgment, which grants Mountain Laurel’s motion for summary judgment and dismisses Mountain Laurel from the lawsuit, with prejudice. The Chauncys’ appeal was maintained by another panel of this court in an unpublished action on October 19, 2015, reserving a final- determination to the merits panel. Chauncy v. Allen, et al., 2015-0874 (La.App. 1st Cir.10-19-15)(unpublished), Finding that the amended judgment more than adequately addresses the concerns raised in this court's show cause order, and contains the appropriate decretal language to be considered a final and appealable partial summary judgmenfpursuant to La.Code Civ. P. art, 1915, we dismiss the rule to show cause and reiterate that the Chauncys’ appeal is maintained,

. Louisiana Code of Civil Procedure article 966 was amended and reenacted by Acts 2015, No. 422, § 1, with an effective date of January 1, 2016. The amended version of article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act; therefore, we .refer to the former version of the article in this case. See Acts 2015, No. 422, §§ 2 and 3.

. It is well-established that the purpose of UM coverage, which is provided for by statute and embodies d strong public policy,‘is to provide full recovery for innocent automobile accident victims who suffer damages caused by a tort-feasor who is not covered by adequate liability insurance. See La. R.S. 22:1295; Roger v. Estate of Moulton, 513 So.2d 1126, 1130 (La.1987).

. The Chauncys rely on Mednick v. State Farm Mut Auto. Ins. Co ., 2009-183 (La.App. 5th Cir.1/26/10), 31 So.3d 1133, where the court held that an exclusion for a vehicle owned by a local government was ineffective. However, we find Mednick to be distinguishable because the court did not reach the issue of .whether UM coverage was excluded under any self-insurer provision, and instead ruled that exclusionary language in the UM policy for "all vehicles owned by any government” was void as against public policy. Id., 31 So.3d at 1136-37. As the Sumner court pointed out, the policy language at issue in Mednick involved “a much broader exclusion” than the self-insurer exclusion. Sumner, 52 So.3d at 936.