McDonald, J.
lain this appeal, insureds under an automobile liability insurance policy challenge a judgment dismissing their underinsured-uninsured motorist (UM) claim against the insurer. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
On the afternoon of January 6, 2013, Cesar Espinoza was driving a Chevrolet Tahoe and was stopped behind a stalled vehicle on Airline Highway in Gonzales, Louisiana. Mr. Espinoza’s wife, Mayra Moreno, and their minor children, Jair Espinoza and Jimena Moreno, were with him. A white Chevrolet truck was stopped immediately behind the Espinozas’ Tahoe. At some point, the white truck attempted to leave the line of stopped traffic and, in doing so, hit the rear of the Espinozas’ Tahoe. The driver of the truck then left the accident scene before the police arrived, but Mr. Espinoza noted that she was a white female and took a photograph of the truck’s license plate. Officer Anthony Cantrell of the Gonzales Police Department was dispatched to investigate the accident. After speaking to Mr. Espinoza, Officer Cantrell called in the truck’s license plate number to a dispatcher, who was able to identify William Morris as the truck’s registered owner, but who was unable to provide Office Cantrell with Mr. Morris’ contact information.
Later the same day, while visiting a family member’s home, Mr. Espinoza saw the truck that hit him, and the white female who was driving it, across the street. He called Officer Cantrell, who then drove to meet Mr. Espinoza, and Mr. Espinoza identified the white female and the truck to him. Officer Cantrell confirmed that the truck’s license plate number was the same number Mr. Espinoza had given him at the accident scene and saw that the front of the truck was damaged. He spoke to the female, Selena Morris, and obtained her driver’s license number. Ms. Morris told Officer Cantrell that she did not have insurance. Officer Cantrell did not speak to William Morris, the truck’s registered owner, nor determine whether Mr. Morris had insurance coverage on the truck. The record does not show the relationship, if any, between Selena and William Morris.
LThe Espinozas filed a personal injury suit, individually, and on behalf of their children, against Jane Doe, identified as the phantom driver, and against Go Auto Insurance Company, identified as the Es-pinozas’ UM insurer. Go Auto answered the suit and filed a third party demand against Mr. Morris, Ms. Morris, and ABC Insurance Company. Ultimately, a bench trial was held, at the end of which, the trial court ordered the parties to submit post-trial briefs regarding whose burden it was to prove the existence of underlying insurance coverage. Later, on October 14, 2015, the trial court signed a judgment: (1) in favor of Jane Doe, ABC Auto Insurance Company, and Go Auto, and dismissing the plaintiffs’ claims with prejudice, and (2) in favor of Go Auto and against Ms. Morris on the third party demand for $17,912.83, plus costs and interest.
*401 The plaintiffs appeal from the adverse judgment contending, in a single assignment of error, that the trial court erred in rendering judgment against them. They claim their Go Auto policy provided UM coverage and that they proved Ms. Morris was uninsured.
DISCUSSION
A plaintiff seeking to recover insurance proceeds has the burden of proving every fact essential to establish that his claim is within the policy coverage. William Shelby McKenzie & H. Alston Johnson, III, 15 Louisiana Civil Law Treatise: Insurance Law and Practice, § 4:12. See Keller v. Amedeo, 512 So.2d 385, 387 (La. 1987); Campbell v. Am. Home Assur. Co., 260 La. 1047, 1057, 258 So.2d 81, 84 (1972). To recover against his UM insurer, an insured must prove that the owner and operator of the vehicle involved in the accident did not have automobile liability insurance in effect on the date of the accident. Louisiana Revised Statute 22:1295(6) provides three methods for establishing prima facie proof of such by affidavit. If the insured does not use the affidavits as described in LSA-R.S. 22:1295(6), he must prove the owner and operator’s uninsured status with other admissible evidence. See Gillmer v. Parish Sterling Stuckey, 09-0901 (La.App. 1 Cir. 12/23/09), 30 So.3d 782, 787. The effect of the prima facie evidence is to shift the burden of proof from the party alleging the uninsured status of the vehicle) 4 to the insured’s UM insurer. LSA-R.S. 22:1295(6)(d); see Lozano v. Brown, 10-489 (La.App. 5 Cir. 1/25/11), 60 So.3d 669, 671.
Officer Cantrell’s trial testimony establishes that Mr. Morris was the registered owner of the offending truck and that Ms. Morris was the operator of the truck on January 6, 2013, the day of the accident. Officer Cantrell’s trial testimony, which was unchallenged, also established that Ms. Morris did not have automobile liability insurance in effect on that date. But, there is no evidence in the record, by affidavit or otherwise, that proves Mr. Morris did not have automobile liability insurance. The fact that Ms. Morris, the operator of the truck, admitted to Officer Cantrell that she did not have insurance is not proof that Mr. Morris, the owner of the truck, likewise had no insurance.
Thus, because plaintiffs failed to prove that Mr. Morris was uninsured, the trial court did not err in rendering judgment in favor of Go Auto and dismissing the plaintiffs’ claims with prejudice. See Chauncy v. Allen, 15-0874 (La.App. 1 Cir. 2/26/16), 191 So.3d 25, 30-31.
CONCLUSION
For the above reasons, the October 14, 2015 judgment is affirmed. Costs of this appeal are assessed to Cesar Espinoza and Mayra Moreno.
AFFIRMED.