# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2026

Lyle W. Cayce
Clerk

No. 25-30497
Summary Calendar

———————————

Linda Hill,

*Plaintiff—Appellant*,

*versus*

Geico General Insurance Company,

*Defendant—Appellee*.

———————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CV-300

———————————

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Linda Hill sued her own uninsured/underinsured motorist insurer after a wreck with another driver. The district court granted summary judgment in favor of the insurer because Hill failed to present any evidence as to the insured status of the other driver. We AFFIRM.

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30497

Hill alleges she was injured in a two-car wreck in Prairieville, Louisiana. The other driver, Wilmer Reyes Sarmiento, was driving a car owned by Wuendy Lopez. Hill alleges that Lopez had an insurance policy which listed Sarmiento as a permitted driver. She alleges that she recovered against that policy, but that the policy limits were not sufficient to cover her injuries. Accordingly, she sued her own uninsured/underinsured motorist insurer, Defendant-Appellee GEICO General Insurance Company.

GEICO moved for summary judgment. After a hearing on the motion, the district court ruled for GEICO. It explained that under Louisiana law, a plaintiff seeking to recover against her own uninsured motorist carrier must prove that both the owner *and* the driver of the at-fault vehicle were either uninsured or underinsured.[1] The court observed that although Hill offered evidence that Lopez (the owner) was underinsured, she failed to present any evidence that Sarmiento (the driver) was uninsured or underinsured, such that summary judgment was proper. Hill timely appealed. Our review is de novo.[2]

We agree with the district court that Hill's evidence was insufficient to create a genuine issue of material fact for the jury. Hill does not dispute on appeal that Sarmiento's uninsured or underinsured status is an essential

---

[1] *See Espinoza v. Doe*, 2016-0424 (La. App. 1 Cir. 2/17/17), 213 So. 3d 399, 401, *writ denied*, 2017-0466 (La. 5/1/17), 221 So. 3d 71 ("To recover against his UM insurer, an insured must prove that the owner and operator of the vehicle involved in the accident did not have automobile liability insurance in effect on the date of the accident.").

[2] *See Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013).

element of her claim[3] on which she bears the burden of proof.[4] She makes two arguments that she offered sufficient evidence to withstand summary judgment, neither of which is persuasive.

First, Hill points to the declaration page of Lopez's policy and to her counsel's email requesting that document. But these documents only prove that Sarmiento, while a permitted driver on Lopez's policy, was not a named insured on that policy. They offer no insight into whether Sarmiento had an insurance policy of his own. Thus, the documents are insufficient as a matter of law to meet Hill's burden.

Second, Hill points to a police report from the accident, which states that Sarmiento (1) did not have a "valid" driver's license at the time of the accident and (2) is "from Honduras." She alleges this information could raise an inference that Sarmiento was uninsured. But this argument is unavailing. Preliminarily, Hill probably forfeited the argument by failing to bring the police report to the attention of the district court.[5] And even if we do consider the police report, Hill's argument is missing a link. She submitted no evidence tending to show that Sarmiento's present lack of a valid license or his Honduran nationality preclude him from insured status.

---

[3] Before the district court, Hill contended that she could prevail on her claim by proving only the insured status of Lopez, the owner, without also proving the insured status of the driver, Sarmiento. But she has abandoned this argument on appeal.

[4] Although Hall faults Geico throughout her briefing for refusing to perform its own investigation of Sarmiento's insured status, she admits that plaintiffs have the burden of proof on this element of their claim.

[5] "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Here, Hill did not reference the police report at all in her opposition to Geico's motion for summary judgment. She only mentioned the report in passing, without record citation or notation of its content, at the subsequent hearing on the motion.

No. 25-30497

Indeed, the only record evidence bearing on the issue shows that Sarmiento was at least able to obtain "permitted driver" status on Lopez's policy. Accordingly, the police report does not carry Hill's burden.

AFFIRMED.