WHIPPLE, C.J.
|2In this appeal, plaintiff challenges the judgment of the trial court, granting the defendant insurer’s motion for summary judgment, dismissing plaintiffs claim under a lawyer’s professional liability policy for attorney’s fees and costs incurred in a disciplinary proceeding instituted against plaintiff. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
By letter dated October 28, 2010, on the letterhead of the Louisiana Attorney Disciplinary Board, Office of the Disciplinary Counsel, plaintiff, George Trelles, an attorney practicing in Louisiana, was advised that a complaint of professional misconduct had been made against him, requiring the Office of the Disciplinary Counsel to obtain from him a written response to each allegation of misconduct pursuant to Louisiana Supreme Court Rule XIX, sections 4(B)(2) and ll.[1] Over a year and a half later, plaintiff received a letter Rated May 26, 2012, on the letterhead of the Louisiana Attorney Disciplinary Board, advising him that formal charges of misconduct had been filed with the Louisiana Disciplinary Board. Plaintiff was insured by a Lawyers Professional Liability Policy, issued by Continental Casualty Company (“Continental”) through Gilsbar, Inc., for the policy period of March 29, 2012 through March 29, 2013. The policy provided coverage of up to $20,000.00 for attorney’s fees, costs, expenses, or fees incurred by the *1208 insured resulting from a “Disciplinary Proceeding,^[¿where notice of the Disciplinary Proceeding was both received by the insured and reported in writing during the policy period or within 60 days after termination of the policy period. A “Disciplinary proceeding” is defined in the policy as “any pending matter, including an initial inquiry, before a state or federal licensing board or a peer review[1] committee to investigate charges alleging a violation of any rule of professional conduct in the performance of legal services.” (Original emphasis removed.)
After receiving the May 26, 2012 notification of formal charges, plaintiff notified Gilsbar of the formal charges on July 9, 2012. Thereafter, by a letter dated August 30, 2012, Continental denied coverage. In denying coverage, Continental explained that the policy required that notice of the proceeding múst both be received by the insured and reported to Continental during the policy period and concluded that because plaintiff had received notice of the disciplinary proceeding on or about October 4, 2010, prior to the effective date of the policy period, the policy’s provisions did not apply to plaintiffs claim.[2]
Plaintiff then instituted this suit against Continental, seeking payment under the policy of his attorney’s fees and costs incurred as a result of the disciplinary proceeding, as well as penalties for Continental’s alleged arbitrary and capricious denial of coverage. The parties filed cross motions for summary judgment on the coverage issue. Plaintiff contended that the October 28, 2010 letter from the Office of the Disciplinary Counsel did not constitute notice of “any pending matter ... before a state or federal licensing board or peer review panel” because the Office of the Disciplinary Counsel is not a “state licensing board or peer review committee” and, thus, |4that he was not required to give Continental notice of the October 28, 2010 letter. Rather, he contended that it was not until the May 26, 2012 notification of formal charges was sent by the Louisiana Attorney Disciplinary Board that a “Disciplinary Proceeding” was instituted under the policy language and that his subsequent July 9, 2012 notification to Gilsbar of the formal charges was timely and triggered coverage under the Continental policy.[3]
Continental contended that the October 28, 2010 letter constituted “an initial inquiry” before a state licensing board, such that it met the definition of “Disciplinary Proceeding” under the policy. Thus, Continental contended that because this “Disciplinary Proceeding” began prior to the effective date of the Continental policy, plaintiffs claim for attorney’s fees and costs related to the disciplinary proceeding was not covered under the policy.
Following a hearing on the cross motions, the trial court rendered judgment denying plaintiffs motion for summary judgment, granting Continental’s motion for summary judgment, and dismissing with prejudice plaintiffs claims against it. From this judgment, plaintiff appeals contending that the trial court erred in granting Continental’s motion for summary judgment and thereby finding that the October 28, 2010 letter from the Office of the Disciplinary Counsel was notice of a “disciplinary proceeding” as defined in the Continental policy.
DISCUSSION
A motion for summary judgment shall be granted if the motion, memorandum, *1209 and supporting documents show that there is no genuine issue |fias to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966(A)(3).[4] The burden of proof rests with the mover. However, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover’s burden does not require him to negate all essential elements of the adverse party’s claim, action, or defense. Rather, the. mover must point out to the court the absence of factual support for one or more elements essential to the advérse party’s claim, action, or defense. LSA-C.C.P. Art. 966(D)(1).
Thereafter, the adverse party must produce factual evidence sufficient to establish that a genuine issue of material fact exists or that the mover is not entitled to judgment as a matter of law. LSA-C.C.P. Art. 966(D)(1). If the adverse party fails to meet this burden, the mover is entitled to summary judgment as a matter of law. See Temple v. Morgan, 2015-1169 (La.App. 1 Cir. 6/3/16), 196 So.3d 71, 76, writ denied, 2016-1255 (La. 10/28/16), 208 So.3d 889, 2016 WL 6777472.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Willig v. Pinnacle Entertainment, Inc., 2015-1998 (La.App. 1 Cir. 9/16/16), 202 So.3d 1169, 1172. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is | (¡entitled to judgment as a matter of law. Kirby v. Ashford, 2015-1852 (La.App. 1 Cir. 12/22/16), 208 So.3d 932, 936, 2016 WL 7407368.
Interpretation of an insurance policy usually involves a legal question that can properly be resolved in the framework of a motion for summary judgment. An insurance policy is a contract belween the parties arid should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Chauncy v. Allen, 2015-0874 (La.App. 1 Cir. 2/26/16), 191 So.3d 25, 29.
The court’s responsibility in interpreting insurance contracts is to determine the parties’ common intent. When the language of the insurance policy is clear and unambiguous, no further interpretation may be made in search of the parties’ intent. LSA-C.C. Arts. 2045 and 2046. Words and phrases used in an insurance policy should be construed using their plain, ordinary, and generally prevailing meaning, unless the words have acquired a technical meaning. LSA-C.C. Art. 2047. An insurance policy should not be interpreted in an. unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Unless an insurance policy conflicts with statutes or public policy, it may limit an insurer’s liability. Chauncy, 191 So.3d at 29.
 Ambiguous policy provisions are generally construed against the insurer *1210 and in favor of coverage. See LSA-C.C. Art. 2056. Moreover, equivocal provisions seeking to narrow an insurer’s obligation are strictly construed against the insurer. However, this strict construction principle applies only if the ambiguous policy provision is susceptible to two or more reasonable interpretations. Thus, for the rule of strict construction to apply, the insurance policy must be not only susceptible to two or more | ./interpretations, but each of the alternative interpretations must be reasonable. Kirby, 208 So.3d at 937.
The policy provision regarding “supplementary payments” for “Disciplinary Proceedings” provides, in pertinent part, as follows:
The Company will reimburse the Named Insured up to $20,000. for each Insured and all Insureds in the aggregate, for attorney fees and other reasonable costs, expenses or fees (the “Disciplinary Fees”) paid to third parties (other than an Insured) resulting from any one Disciplinary Proceeding incurred as the result of a notice of such Disciplinary Proceeding both first received by the Insured and reported in writing to the Company either during the policy period or within 60 days after termination of the policy period, arising out of an act or omission in the rendering of legal services by such Insured. (Original emphasis removed; emphasis added).
As stated above, “Disciplinary Proceeding” is defined in the policy as “any pending matter, including an initial inquiry, before a state or federal licensing board or a peer review committee to investigate charges alleging a violation of any rule of professional conduct in the performance of legal services.” (Original emphases removed.)
In contending that the trial court erred in finding no coverage under the policy, plaintiff focuses on the definition of “Disciplinary Proceeding” in the policy. Relying on that definition, he argues that the Office of the Disciplinary Counsel is not “a state ... licensing board” or “a peer review committee” and, thus, that the October 28, 2010 letter from the Office of the Disciplinary Counsel could not have constituted notice of a “Disciplinary Proceeding” within the meaning of the policy. Rather, he contends that the May 26, 2012 letter from the Louisiana Attorney Disciplinary Board, which he received during the policy period, constituted notice that a Disciplinary Proceeding was now pending “before the Disciplinary Board and the Louisiana Supreme Court, which is the only licensing body for attorneys in |sLouisiana,” and that accordingly, he thereafter timely gave notice to Continental within the policy period, thus triggering coverage.
We disagree with plaintiffs contention that his first notice of a “Disciplinary Proceeding” was when he received the May 26, 2012 letter from the Louisiana Attorney Disciplinary Board, informing him that formal charges had been filed against him. As noted by Continental, a “Disciplinary Proceeding” is more broadly defined in the policy to include an “initial inquiry” from a state licensing board or a peer review committee. Moreover, the October 28, 2010 letter, which informed plaintiff of an initial inquiry, was sent to him by the Louisiana Attorney Disciplinary Board, through its Office of the Disciplinary Counsel division.
Article V, Section 5(B) of the Louisiana Constitution provides that the Louisiana Supreme Court has “exclusive original jurisdiction of disciplinary proceedings against a member of the bar.” Pursuant to this constitutional authority and responsibility, the Louisiana Supreme Court adopted Louisiana Supreme Court Rule XIX, establishing the Louisiana Attorney Disciplinary Board, which consists of a statewide board, hearing committees, disciplinary counsel, and staff, as “one unitary entity” and “one permanent statewide *1211 agency[5]’ and delegated to the Board the duty “to administer the lawyer discipline and disability system.”[5] La. Supreme Court Rule XIX, § [n2(A). Thus, the Louisiana Attorney Disciplinary Board, as the “one unitary entity” and “one permanent statewide agency” responsible for administering lawyer discipline at the direction of the Louisiana Supreme Court, includes the Office of the Disciplinary Counsel. As such, a letter from the Office of the Disciplinary Counsel, informing plaintiff of an initial inquiry into attorney misconduct, constitutes notice from the Louisiana Attorney Disciplinary Board.
Additionally, we note that regardless of the recommendation of the Disciplinary Board, the Louisiana Supreme Court has held that it is the ultimate duty of the Court to determine what action, if any, is to be taken against an attorney charged with misconduct. See In re Laudumiey, 2003-0234 (La. 6/27/03), 849 So.2d 515, 523, cert. denied, 540 U.S. 1048, 124 S.Ct. 814, 157 L.Ed.2d 697 (2003). Thus, the Louisiana Supreme Court has held that Supreme Court Rule XIX does not delegate its original jurisdiction over disciplinary proceedings to the Disciplinary Board, but rather “foster[s] the exercise of this jurisdiction.” In re Laudumiey, 849 So.2d at 523-524. As such, we conclude that a disciplinary proceeding pending before the Louisiana Attorney Disciplinary Board, including an initial inquiry by its Office of the Disciplinary Counsel, is an extension of the Louisiana Supreme Court’s exercise of its exclusive jurisdiction over attorney disciplinary matters.
Accordingly, we find no merit to plaintiffs contention that an initial inquiry into attorney misconduct by the Louisiana Attorney Disciplinary Board through the Office of the Disciplinary' Counsel does not constitute an |T (/‘initial inquiry” from “a state ... licensing board” within the policy definition of a “Disciplinary Proceéding.” Rather, we find that plaintiffs suggested interpretation of the definition of “Disciplinary Proceeding” in the policy at issue is an unreasonable or strained interpretation in an attempt to restrict the provisions requiring the attorney to notify Continental of a Disciplinary Proceeding, including an initial inquiry, solely for the purpose of expanding coverage to situations beyond what is reasonably contemplated by the terms of the policy.[6]
Accordingly, we conclude that the policy provision defining a “Disciplinary Proceeding” has only one reasonable interpretation, which encompasses within that definition an initial inquiry by the Louisiana *1212 Attorney Disciplinary Board through its Office of the Disciplinary Counsel. Thus, we find no error in the trial court’s conclusion that the October 28, 2010 letter from the Louisiana Attorney Disciplinary Board through its Office of the Disciplinary Counsel, informing plaintiff of an initial inquiry of attorney misconduct, constituted notice of a Disciplinary Proceeding within the meaning of the policy. Furthermore, because the Continental policy at issue did not become effective until March 29, 2012, approximately seventeen months after plaintiff received notice of a Disciplinary Proceeding against him, the trial court correctly ruled that there was no coverage afforded under the policy.[7]
JjjCONCLUSION
For the above and foregoing reasons, the March 4, 2016 judgment, granting Continental Casualty Company’s motion for summary judgment and dismissing with prejudice plaintiffs claims against it, is hereby affirmed. Costs of this appeal are assessed to plaintiff George R. Trelles.
AFFIRMED.

. Section 4(B)(2) of Rule XIX provides, in part, that Disciplinary Counsel shall have the power and duty to "investigate all information coming to the attention of the agency which, if true, would be grounds for discipline or transfer to disability inactive status. ...”
Section 11(A) of Rule XIX provides, in part, that "[t]he disciplinary counsel shall evaluate all information coming to his or her attention by complaint or from other sources alleging lawyer misconduct or incapacity” and that "[t]he disciplinary counsel may conduct a pre-screening investigative inquiry to determine if a complaint merits investigation, dismissal or referral to the Practice Assistance and Improvement Program .... ”

. The August 30, 2016 letter refers to plaintiff having received notice of the disciplinary proceeding on October 4, 2010, rather than October 28, 2010.

. In his motion for summary judgment, plaintiff also sought a determination that Continental had been arbitrary and capricious in denying his claim, thus entitling him to penalties.

. Louisiana Code of Civil Procedure Article 966 was amended and reenacted by 2015 Acts, No. 422, § 1, effective January 1, 2016. The amended version of article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act. While plaintiff's motion for summary judgment was filed on November 4, 2015, prior to the effective date of the 2015 amendment, Continental's motion was filed on January 27, 2016, after the effective date. Thus, in addressing the trial court’s granting of Continental’s motion for summary judgment, we refer to the amended version of the article. See 2015 Acts, No. 422, §§ 2 and 3.

. Rule XIX, Section 2(A) of the Louisiana Supreme Court Rules, provides as follows:
Section 2. The Attorney Disciplinary Board.
A. Agency. There is hereby established one permanent statewide agency to administer the lawyer discipline and disability system. The agency consists of a statewide board as provided in this Section 2, hearing committees as provided for in Section 3, disciplinary counsel as provided for in Section 4, and staff appointed by the board and counsel. The agency is a unitary entity. While it performs both prosecutorial and adjudicative functions, these functions shall be separated within the agency insofar as practicable in order to avoid unfairness. The prosecutorial functions shall be directed by a lawyer employed full-time by the agency and performed, insofar as practicable, by employees of the agency. The adjudicative functions shall be performed by practicing lawyers and public members. [Emphasis added.]

. Indeed, we note that to interpret the policy language in the manner suggested by plaintiff would allow an attorney to obtain coverage "after the fact,” by allowing the attorney to seek coverage from Continental after receiving a letter of initial inquiry from the Louisiana Attorney Disciplinary Board, through its Office of the Disciplinary Counsel, without giving any notice to Continental of the pending initial inquiry.

. Because we find no error in the trial court’s judgment dismissing all of plaintiff's claims against Continental, we pretermit discussion of any other issues raised by plaintiff.