GAYL THERESE PAYTON      *      NO. 2023-CA-0504

VERSUS      *

     COURT OF APPEAL

GARY BIZAL      *

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

     * * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-00392, DIVISION "F-14"
Honorable Jennifer M Medley
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Paula A. Brown, Judge Rachael D. Johnson)


Gayl T. Payton
8801 Lake Forest Blvd., Apartment 17502/1750
New Orleans, LA 70127


       COUNSEL FOR PLAINTIFF/APPELLANT


Stephen J. Haedicke
ATTORNEY AT LAW
1040 Saint Ferdinand Street
New Orleans, LA 70117


       COUNSEL FOR DEFENDANT/APPELLEE


             **AFFIRMED**
             **January 23, 2024**

RDJ
RLB
PAB

Appellant Gayl Therese Payton seeks review of the May 30, 2023 district court judgment, granting Appellee, attorney Gary Bizal's, exception of prescription, and dismissing Ms. Payton's legal malpractice claim with prejudice. Based upon the applicable law and facts, we find that Ms. Payton's claim is prescribed and therefore, affirm the district court's judgment.

## FACTS AND PROCEDURAL HISTORY

Ms. Payton retained Mr. Bizal to represent her in a 2013 federal civil rights lawsuit against the Jefferson Parish Sheriff's Office and some of its deputies in the United States District Court, Eastern District of Louisiana ("EDLA"). The defendants moved for dismissal of her claim, which the EDLA granted on January 3, 2014. The dismissal was affirmed by the United States Fifth Circuit Court of Appeals ("Fifth Circuit") on April 8, 2015.

Following the dismissal of her claim, Ms. Payton accused Mr. Bizal of providing her with inadequate representation. She initially filed a bar complaint against him in 2016; however, the Office of Disciplinary Counsel opined that there was a lack of evidence of a violation of the Rules of Professional Conduct and dismissed Ms. Payton's complaint on October 27, 2016. Thereafter, Ms. Payton

1

filed three unsuccessful complaints against Mr. Bizal in the EDLA, regarding his alleged inadequate representation of her in her federal lawsuit. All three complaints were dismissed, with the final case being dismissed in November 2021.

Two months later, on January 14, 2022, Ms. Payton filed the instant lawsuit against Mr. Bizal in Orleans Parish Civil District Court. She alleges that he mishandled her federal civil rights claim and misrepresented what transpired when she and her daughter were arrested by deputies of the Jefferson Parish Sheriff's Office in 2013.

Mr. Bizal responded by filing a Peremptory Exception of Prescription, or in the Alternative Declinatory Exception of Vagueness or Ambiguity. On October 4, 2022, the district court held a hearing on Mr. Bizal's exceptions and orally sustained the exception of prescription. The district court later rendered its "Final Judgment on Exception of Prescription and Reasons for Judgment" on May 30, 2023.[1] The district court explained that Ms. Payton's cause of action was untimely because she filed her claim almost a decade after the EDLA dismissed her case:

> Payton filed this claim for damages against the defendant Bizal on January 14, 2022, more than 8 years after her case, which forms the basis of her claim for damages, was dismissed. The pleadings and exhibits introduced at the hearing in this case establish a prima facie case of prescription. Payton failed at the hearing on the Exception to introduce any evidence to rebut that the prescriptive period in this case was interrupted or suspended. Accordingly, her claim for damages has prescribed.

This timely appeal followed. Ms. Payton's assignments of error address the

---

[1] Ms. Payton filed a motion for summary judgment on November 15, 2022, which the district court denied because it had granted Mr. Bizal's exception of prescription at the October 4, 2022 hearing.

merits of her dismissed federal civil rights lawsuit, Mr. Bizal's alleged violations of Louisiana Rules of Professional Conduct, as well as the district court's finding that her case prescribed. The issue of prescription is the only issue properly before this Court. This Court does not have jurisdiction to review the merits of Ms. Payton's federal civil rights lawsuit, which has already been dismissed by the EDLA and affirmed on appeal by the Fifth Circuit as explained above.

Additionally, this Court does not have jurisdiction over ethical complaints against Louisiana attorneys. The Louisiana Attorney Disciplinary Board is the statewide agency responsible for administering lawyer discipline at the direction of the Louisiana Supreme Court, which has exclusive original jurisdiction of disciplinary proceedings against members of the bar. *Trelles v. Cont'l Cas. Co.*, 16-0894, pp. 8-9 (La. App. 1 Cir. 2/17/17), 211 So.3d 1206, 1210-11; La. Const. art. V, § 5(B); La. Supreme Court Rule XIX, § 2(A). The Office of Disciplinary Counsel is a part of the Louisiana Attorney Disciplinary Board. *Id*. at p. 9, 211 So.3d at 1211. As stated above, Ms. Payton filed a bar complaint against Mr. Bizal, which the Office of Disciplinary Counsel denied. Therefore, Ms. Payton's only remaining assignment of error that is properly before this Court is whether the district court erred in finding that her malpractice claim had prescribed. We address this issue below.

**EXCEPTION OF PRESCRIPTION**

"An exception is a means of defense, other than a denial or avoidance of the demand, used by the defendant, whether in the principal or an incidental action, to retard, dismiss, or defeat the demand brought against him." La. Code Civ. Proc. art. 921. An exception of prescription is a peremptory exception, which serves to "have the plaintiff's action declared legally nonexistent, or barred by effect of law,

and hence this exception tends to dismiss or defeat the action." La. Code Civ. Proc. art. 923. "Prescription accrues upon the expiration of the last day of the prescriptive period . . ." La. Civ. Code art. 3454. Three kinds of prescription exist: acquisitive prescription, liberative prescription, and prescription of nonuse. La. Civ. Code art. 3445. Liberative prescription, which is at issue in the instant matter, "is a mode of barring of actions as a result of inaction for a period of time." La. Civ. Code art. 3447.

The applicable liberative prescriptive period in legal malpractice cases is one year from the date the malpractice occurred, or, at most, no later than three years from the date the alleged malpractice was discovered as set forth in La. Rev. Stat. 9:5605(A), entitled *Actions for legal malpractice*:

> ***No action for damages against any attorney at law duly admitted to practice in this state***, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services ***shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect***.
> (Emphasis added.)

A trial court's factual findings generally are reviewed under the manifestly erroneous-clearly wrong standard of review when evidence is introduced on a prescription exception. *Wells Fargo Fin. La., Inc. v. Galloway*, 17-0413, p. 8 (La.

App. 4 Cir. 11/15/17), 231 So.3d 793, 800 (citation omitted). "When evidence is introduced but the case involves no dispute regarding material facts, only the determination of a legal issue, an appellate court must review the issue *de novo*, giving no deference to the trial court's legal determination." *Id.* The defendant asserting a peremptory exception of prescription bears the burden of proof; "however, when a plaintiff's claim is prescribed on the face of the petition, the burden shifts to the plaintiff to establish that his or her claim has not prescribed." *Id*. at p. 9, 231 So.3d at 800.

In the instant matter, Ms. Payton's claim is prescribed on its face because in her January 2022 petition she seeks relief for Mr. Bizal's alleged malpractice that occurred in 2013, approximately nine years prior. The length of time between the date the alleged legal malpractice occurred and the date she filed her complaint well exceeds the one-year prescriptive period of La. Rev. Stat. 9:5605(A). Ms. Payton's petition does not state that she discovered Mr. Bizal's alleged malpractice at a later date. However, even if it did, her petition was filed more than three years after she should have discovered his alleged malpractice, which would have been when the EDLA dismissed her claim on January 4, 2014.

Mr. Bizal carried his burden of proof in establishing that Ms. Payton's legal malpractice claim is prescribed. When the burden shifted to her, however, Ms. Payton was unable to establish that her claim had not prescribed. Therefore, pursuant to our *de novo* review, we find that the district court did not err in holding that Ms. Payton's claim is prescribed.

**DECREE**

For the foregoing reasons, we affirm the district court's May 30, 2023 judgment, granting Mr. Bizal's exception of prescription and dismissing Ms. Payton's claim with prejudice.

**AFFIRMED**